IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CATHERINE G. MCALEER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 07-0318-WS-M |
| | ) | |
| HOLIDAY ISLE, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motion of defendant Holiday Isle, LLC ("Holiday") to compel arbitration and dismiss or stay.  (Doc. 4).  The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 5, 9, 10), and the motion is ripe for resolution.  After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion to compel arbitration and to stay is due to be granted and the motion to dismiss denied.

The plaintiffs entered separate, preconstruction purchase and escrow agreements ("the Agreements")  with Holiday concerning units at the Holiday Isle project.  Count One of the complaint alleges that Holiday violated the Interstate Land Sales Full Disclosure Act ("ILSFDA").  Count Two alleges that Holiday breached the Agreements in various ways.

The Agreements contain an arbitration clause providing in pertinent part as follows:

> Should any dispute arise between any of the parties whose rights or duties are affected or determined by this Purchase and Escrow Agreement,  ... such dispute shall be governed by the laws of the State of Alabama, and such dispute, disagreement, or question between the parties ... shall be submitted to arbitration ....  The arbiter shall render a decision which shall be binding on all parties to the arbitration, based on a traditional and standard interpretation of the laws of the State of Alabama.

(Doc. 4, Exhibits A, B at 19, ¶ 20).

The Federal Arbitration Act ("FAA") provides in pertinent part as follows:

A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

The "involving commerce" requirement of the FAA is co-extensive with "the broadest possible exercise of Congress' Commerce Clause power." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1370 (11th Cir. 2005) (internal quotes omitted). Thus, it is satisfied "without showing any specific effect upon interstate commerce if in the aggregate the economic activity in question would represent a general practice subject to federal control." *Id.* (internal quotes omitted). The affidavit of Carla Waters, (Doc. 5), easily satisfies this requirement, and the plaintiffs do not argue otherwise. Instead, they argue that arbitration is precluded for two reasons: (1) the arbitration clause is limited to state-law claims, such that their ILSFDA claim is beyond its reach; and (2) Holiday's alleged failure to complete the purchased units within two years of the Agreements' effective date rendered the Agreements null and void, precluding arbitration of either claim. (Doc. 9).

"In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum." *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). Thus, in ruling on a motion to compel arbitration, "[t]he first step is to determine whether the parties agreed to arbitrate the dispute," *id.*, which "is a matter of contract interpretation." *Telecom Italia, S.P.A. v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001). Thanks to a "liberal federal policy favoring arbitration agreements," *Klay*, 389 F.3d at 1200 (internal quotes omitted), "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *MONY Securities Corp. v. Bornstein*, 390 F.3d 1340, 1342 n.1 (11th Cir. 2004) (internal quotes omitted); *accord Volt Information Sciences, Inc. v. Board of Trustees*, 489 U.S. 468, 476

(1989) ("[A]mbiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration.").  Thus, it is only when the "clear intent of the parties" and the "plain text of the contract" are inconsistent with arbitration of a dispute that a court will rule that the dispute is not subject to the arbitration clause.  *Equal Employment Opportunity Commission v. Waffle House, Inc*., 534 U.S. 279, 294 (2002).

The plaintiffs argue that, because the arbitration clause requires the arbitrator to render a decision "based on ... the laws of the State of Alabama," the clause provides for arbitration of state-law claims, not federal claims.  (Doc. 9 at 1-2, ¶¶, 2, 5).  The problem is that the clause also provides that, if "any dispute" arises, "such dispute ... shall be submitted to arbitration," language that encompasses federal as well as state claims.  A reasonable reconciliation of the two phrases is that, while all disputes are arbitrable, those disputes governed by state law are to be governed by Alabama law, leaving federal disputes to be governed by federal law.[1]  At best, the clause is ambiguous as to whether federal claims are arbitrable, and the ambiguity must be resolved in favor of arbitration.

The Agreements provide that, "[i]f the Unit herein purchased shall not be completed within two(2) years of the effective date of this Agreement, this Agreement shall be null and void ...."  (Doc. 4, Exhibits A, B at 8, ¶ 6(B)).  The plaintiffs admit that the parties entered into a valid contract in 2005, (Doc. 9 at 2, ¶ 11), but they argue that their units were not completed by the deadline and that the Agreement ceased to exist pursuant to paragraph 6(B) on or about April 1, 2007.  Thus, they conclude, the arbitration clause ceased to exist as well.  (*Id*., ¶¶ 8, 11).

> While the termination of the ... agreement works an obvious change in the relationship between [the parties], it would have little impact on many of the considerations behind their decision to resolve their contractual differences through arbitration. ... Hence, there is little reason to construe

---

[1]The language seized upon by the plaintiffs appears to operate as a contractual choice-of-law provision, which provisions routinely identify a single state's law as controlling but which can scarcely be construed as precluding any party from bringing a federal claim.

> this contract to mean that the parties intended their contractual duty to submit grievances and claims arising under the contract to terminate immediately on the termination of the contract; the alternative remedy of a lawsuit is the very remedy the arbitration clause was designed to avoid.
>
> ...
>
> ... In short, where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated by express or clear implication.

*Nolde Brothers, Inc. v. Local No. 358*, 430 U.S. 243, 254-55 (1977).  The same principle applies outside the collective bargaining context.  *E.g., Riley Manufacturing Co. v. Anchor Glass Container Corp*., 157 F.3d 775, 781 (10th Cir. 1998).  The plaintiffs have not attempted to overcome this presumption; the mere fact (if it be a fact) that the Agreements ceased to exist on April 1, 2007 is legally insufficient to negate the presumption that their claims remain subject to the arbitration clause.[2]

Holiday requests that the Court dismiss the action because the plaintiffs' claims are subject to arbitration.  (Doc. 4 at 6; Doc. 10 at 3).

> If any suit or proceeding be brought ... upon any issue referable to arbitration ..., the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration ..., *shall on application of one of the parties stay the trial of the action* until such arbitration has been had ....

9 U.S.C. § 3 (emphasis added).  While Holiday prefers dismissal, its motion is styled as one to "dismiss or stay," and the body of its principal brief requests a stay in the alternative at least three times.  (Doc. 4 at 1, 7).  Holiday has thus made application for a stay, and it has not attempted to show that the Court is not bound by Section 3 to honor that request.

For the reasons set forth above, Holiday's motion to compel arbitration is **granted**,

---

[2]Holiday argues that the units were "completed" within the contemplation of paragraph 6(B) and submits a certificate of occupancy in support.  Because the Court's resolution of the motion to compel arbitration does not depend on whether the units were completed, the plaintiffs' motion to strike this exhibit, (Doc. 11), is **denied as moot**.

its motion to dismiss is **denied**, and its motion to stay is **granted**.  This matter is **stayed** pending the conclusion of arbitration.  Holiday is **ordered** to file and serve, on or before August 10, 2007, and on or before the tenth day of every second month thereafter, a status report concerning the arbitration proceedings.

DONE and ORDERED this 20th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE