IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE G. MCALEER, et al.,   )   | |
|   )   | |
|   Plaintiffs,   )   | |
|   )   | |
| v.   )   | CIVIL ACTION 07-0318-WS-M |
|   )   | |
| HOLIDAY ISLE, LLC, et al.,   )   | |
|   )   | |
|   Defendants.   )   | |

**ORDER**

This matter is before the Court on the motion of defendant Holiday Isle, LLC to confirm arbitration award and enter judgment thereon. (Doc. 43). The plaintiffs objected on the sole ground that they intended to seek reconsideration by the arbitrator. (Doc. 44). Four months have passed without the plaintiffs indicating they have done so, and Holiday Isle indicates that the arbitrator is not empowered to alter his ruling on the merits via reconsideration. (Doc. 46). The Court can only conclude that the plaintiffs have exhausted their efforts to obtain reconsideration.

The FAA "imposes a heavy presumption in favor of confirming arbitration awards," such that "a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002) (enumerating narrow circumstances under which arbitration award may be vacated). The burden is on the party opposing confirmation to make the requisite showing. *Id*. at 1289.

Because the plaintiffs offer no grounds under the FAA for not confirming the arbitration award, Holiday Isle's motion is **granted**. The arbitration award attached to the motion is **confirmed**. Judgment shall be entered accordingly by separate order. The parties are **ordered** to confer in good faith, on or before **August 17, 2009**, for the purpose of agreeing to a form of judgment. Holiday Isle is **ordered** to file and serve, on or before **August 19, 2009**, a proposed form of judgment agreed to by the parties if possible,

otherwise, its own proposed form.[1]

DONE and ORDERED this 10th day of August, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Bay Title Insurance Company ("Bay Title"), while also a defendant to this action, is unmentioned in the arbitrator's decision. The parties are **ordered** either to include Bay Title in the proposed judgment or to articulate how the plaintiffs' claims against Bay Title are to be resolved.